IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARK RANDALL TAYLOR,       )
                          Petitioner,   )
v.                         )   Case No. CIV-07-1059-M
                                 )
JUSTIN JONES,              )
                                 )
                       Respondent.  )

**REPORT AND RECOMMENDATION**

Petitioner Mark Randall Taylor has filed a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his state court conviction. It is recommended that his petition be denied.

**I.    Case History**

Petitioner was convicted in the District Court of Caddo County, State of Oklahoma, Case No. CF-2005-23, of Possession of Precursor with Intent to Manufacture CDS (Methamphetamine) After Former Conviction of Four Felonies. Petitioner was sentenced to 60 years' imprisonment and fined $50,000.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed the conviction by opinion filed August 11, 2006. *See* Response to Petition for Writ of Habeas Corpus [Doc. #10], Exhibit 3, OCCA Summary Opinion.[1]

---

[1] Petitioner also filed an application for post-conviction relief in the state district court, but in the petition before this Court, he has raised only the one issue he raised on direct appeal.

**II.     Background and Claim for Habeas Corpus Relief**

Petitioner was arrested during the early morning hours of January 21, 2005, after he attempted to elude Hinton Police Officer Rodney Cox.  Officer Cox had spotted Petitioner crouched by some anhydrous ammonia tanks at the Hinton Co-op Gin.  Transcript of Jury Trial, Case No. CF-05-23 (Tr.) at 118-125.  After Petitioner was arrested, Officer Cox made an inventory of items in the car.  In the trunk, he found a jar filled with a white powdery substance and what appeared to be a lithium battery strip.  He also found a can of starter fluid and another glass jar filled with coffee filters.  Tr. 126-129.

Before Officer Cox stopped Petitioner, the police dispatcher notified Chief Shannon Pack that Officer Cox was pursuing a vehicle.  Tr. 152-153.  Chief Pack drove to the scene of the arrest, took custody of Petitioner, and returned to the gin where he found a small propane tank hooked to one of the tanks of anhydrous ammonia by a hose.  The propane tank was empty, however, and it did not appear to Chief Pack that the valves on the tank had been opened.  Tr. 155-157.

Dan Russell, a chemist with the Oklahoma State Bureau of Investigation testified that the glass jar found in Petitioner's trunk contained 9.5 grams of pseudoephedrine. He testified that he had not tested the metal strip and did not know whether it was a lithium battery strip. Mr. Russell also testified that pseudoephedrine, a medication for the treatment of cold symptoms, is also used as a precursor in the manufacture of methamphetamine.  Tr. 172-175.

The First Amended Information charged Petitioner with a violation of 63 Okla. Stat. § 2-401(G)(1) as follows:

> Possession of Precursors with Intent to Manufacture a CDS, AFCF, a felony, on or about the 21st day of January, 2005, by knowingly possessing lithium, ephedrine and anhydrous ammonia, which is defined as a substance used in the production of controlled dangerous substances in violation of the Controlled Dangerous Substances Act of Oklahoma.

Response Exhibit 5, First Amended Information. At the Preliminary Hearing in this case, the state district court judge noted that Petitioner had never actually "possessed" the anhydrous ammonia, as charged in the First Amended Information. Preliminary Hearing Transcript, Case No. CF-05-23 (PH Tr.) at 30. The judge did, however, bind Petitioner over for trial on a charge of possession of precursors with intent to manufacture. The judge specifically noted that the jar found in Petitioner's trunk held 9.5 grams of pseudoephedrine which is more than the nine grams required by law to create a presumption of possession with intent to manufacture CDS. PH Tr. at 31; *see also* Okla. Stat. tit. 63, § 2-401(G) (making unlawful the possession of pseudoephedrine with intent to manufacture a CDS); Okla. Stat. tit. 63 § 2-332 (B) (creating a rebuttable presumption that one who possesses more than 9 grams of pseudoephedrine intends to use the product to produce methamphetamine).

In his sole claim for federal habeas corpus relief, Petitioner argues that a fatal variance between the First Amended Information and the proof elicited at his trial deprived him of constitutional rights protected by the fifth, fourteenth and sixth amendments to the Constitution of the United States.

**III.     Standard of Review**

The claim for habeas relief raised by Petitioner was adjudicated on the merits by the state courts. Therefore, this Court must apply the standards of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Turrentine v. Mullin*, 390 F.3d 1181, 1188 (10th Cir. 2004); *Smallwood v. Gibson*, 191 F.3d 1257, 1264 (10th Cir.1999). Under AEDPA, this Court may grant Petitioner habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In applying the deferential AEDPA standard, the court first determines whether the principle of federal law on which the petitioner's claim is based was clearly established by the Supreme Court at the time of the state court judgment. *Turrentine*, 390 F.3d at 1189. If so, the court considers whether the state court decision was contrary to or an unreasonable application of that clearly established federal law. *Id*. A decision is "contrary to" clearly established federal law for purposes of § 2254 if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the result reached by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). It is not enough that the state court decided an issue contrary to a lower federal court's conception of how the rule should be applied; the state court decision must be "diametrically different" and "mutually opposed"

4

to the Supreme Court decision itself. *Id*. at 406. A state court decision involves an "unreasonable application" of federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

Additionally, the factual findings of the state trial and appellate courts are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *Short v. Sirmons*, 472 F.3d 1177, 1184 (10th Cir. 2006) (*citing* 28 U.S.C. § 2254(e)(1)).

Finally, even if the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, the analysis is not complete. Unless the error is a structural defect in the trial that defies harmless-error analysis, the court must apply the harmless-error standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993), and *O'Neal v. McAninch*, 513 U.S. 432 (1995). *Turrentine*, 390 F.3d at 1189.

**IV.   Analysis**

Petitioner claims that he is entitled to habeas relief because the "Prosecution [did] not establish beyond a reasonable doubt the three elements charged to secure a conviction for [precursor] to manufacture Methamphetamine (CDS)." Petitioner's Reply [Doc. #14] at 3. He further complains that prior to July 28, 2005, the Oklahoma Uniform Jury Instruction OUJI-CR 63-A stated that to be convicted of possession of precursors, a person had to possess three or more precursor substances. Reply at 2. The statute in effect at the time of Petitioner's arrest, however, required possession of only one precursor, and the state court

properly instructed the jury with an instruction conforming to the statute. *See* Tr. 204-207. The jury was, therefore, properly instructed regarding the requirements of the law in effect at the time Petitioner committed the crime.

Petitioner further argues that the OCCA's Summary Opinion is contrary to or an unreasonable application of clearly established federal law. Reply at 2-3. In its Summary Opinion, the OCCA stated:

> A variance between the charge made in the Information and the evidence presented at trial is not fatal to the conviction unless the variance deprived the defendant of adequate notice of what he had to defend against or subjects him to double jeopardy. *Patterson v. State*, 2002 OK CR 18, ¶ 23. 45 P.3d 925, 931. The record reflects that Taylor was well aware of the specific nature of the charge against him. The record also shows with accuracy the extent to which he may plead former jeopardy. *See Doyle v. State*, 1989 OK CR 85, ¶ 26, 785 P.2d 317, 326. Thus, any variance is not fatal.

Response Ex. 3, Summary Opinion at 1-2. The OCCA's interpretation of the law regarding a variance between the charge in an information and the evidence presented comports with Supreme Court law. "[I]t is a fundamental precept of federal constitutional law that a 'court cannot permit a defendant to be tried on charges that are not made in the indictment.'" *Hunter v. State of New Mexico*, 916 F.2d 595, 598 (10th Cir. 1990) (*quoting Stirone v. United States*, 361 U.S. 212, 217 (1960)). The Sixth Amendment affords every defendant "the right to be informed of the nature and cause of the accusations filed against him." *Id.* (citation omitted). Therefore, "[a] fatal variance denies a defendant this fundamental guarantee because it destroys his right to be on notice of the charge brought in the indictment." *Id.* (citation omitted). As the OCCA recognized, however, not every variance between an

information and the proof adduced at trial is "fatal." Where the charging terms in the information are not changed, but the evidence at trial proves facts different from those alleged in the information, a court must employ a harmless error analysis when reviewing the variance. *See Wimbley v. Werholtz*, 187 Fed. Appx. 840 (10th Cir. Jun. 30, 2006) (unpublished op.). Where such a variance exists, "convictions generally have been sustained as long as the proof upon which they are based corresponds to an offense that was clearly set out in the indictment." *United States v. Miller*, 471 U.S. 130, 136 (1985). "Such a variance is fatal only when the defendant is prejudiced in his defense because he cannot anticipate from the indictment what evidence will be presented against him or is exposed to the risk of double jeopardy." *Hunter*, 916 F.2d at 599 (citations omitted).

In this case, Petitioner was not deprived of his right to notice of the charge against him. The First Amended Information clearly charged him with Possession of Precursors with Intent to Manufacture CDS in violation of Okla. Stat. tit. 63, § 2-401(G). Although the First Amended Information identified three precursors, the evidence proved that Petitioner possessed only one of the precursors -- 9.5 grams of pseudoephedrine. At the preliminary hearing, the state district judge clearly stated that Petitioner was being bound over for trial on the charge based on the evidence of his possession of the 9.5 grams of pseudoephedrine found in the trunk of his car. As to this charge, Petitioner "has shown no prejudice to his ability to defend himself at trial, to the general fairness of the trial, or to the [Information's] sufficiency to bar subsequent prosecutions." *United States v. Miller*, 471 U.S. at 138 n. 5.

Because Petitioner can show no prejudice resulting from the variance between the First Amended Information and the evidence at trial, he is not entitled to habeas relief.

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by March 18th, 2008. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this 27th day of February, 2008.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE